IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| **Adam Pelletier,** </br>    **Plaintiff,** | ) </br> ) </br> ) |
| v. | )     1:20cv524 (TSE/MSN) </br> ) |
| **Marcus Elam, et al.,** </br>    **Defendants.** | ) </br> ) </br> ) |

MEMORANDUM OPINION & ORDER

Adam Pelletier ("Pelletier" or "Plaintiff"), a Virginia inmate proceeding pro se, filed a civil rights action under 42 U.S.C. § 1983, alleging Regional Administrator Marcus Elam, Warden Beth Cabell, and Hearing Officer W. Brown (collectively "defendants") violated his due process rights with regard to his convictions for two institutional infractions on September 10, 2019 while he was detained at the Sussex II State Prison ("Sussex II") and his administrative appeal of each conviction. The defendants have filed a motion to dismiss, with a supporting brief. [Dkt. Nos. 9-10]. Pelletier has been afforded the opportunity to file responsive materials pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and has done so. [Dkt. No. 12]. Accordingly, the motion to dismiss is now ripe for disposition. For the reasons that follow, the defendants Motion to Dismiss shall be granted.[1]

---

[1] Also pending are a host of ancillary motions filed by the parties. First at issue is plaintiff's "motion to respond," appended to which is a memorandum opposing the motion to dismiss. See Dkt. No. 12. This motion will be granted *nunc pro tunc* to the time of its filing and has been considered in adjudicating the motion to dismiss. Next are motions in inherent tension: two discovery requests filed by petitioner [Dkt. Nos. 13, 15] and a motion to stay discovery filed by defendants [Dkt. No. 16]. Finally pending is a motion for appointment of counsel filed by plaintiff. See Dkt. No. 14. Because it is clear that plaintiff has failed to state any viable claim for relief in his complaint, the motion to dismiss must be granted, rendering these ancillary motions—with the exception of the "motion to respond"—moot.

## I. Material Allegations in the Complaint

"[W]hen ruling on a defendant's motion to dismiss, a [trial] judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted). So viewed, and as pertinent to this motion, the essential allegations of the complaint[2] are as follows:

1. On August 7, 2019, Sussex II officials searched Plaintiff's cell, where they found a "star bit drill head and a box cutter razor." [Dkt. No. 1 at 5]. Plaintiff and his cellmate each denied ownership of the items and were both placed in segregation the night of the search. [Id.].

2. On August 29, 2019, Plaintiff was served with two disciplinary charges—one for possession of a weapon and another for possession of a security tool. [Id.]. Plaintiff declined to sign the relevant paperwork but told the serving officer that he "want[ed] all his rights." [Dkt. Nos. 1 at 5; 12 at 6, 7]. The serving officer completed the form without asking Pelletier the questions under the Advisement of Rights portion of each form. [Id.].

3. A hearing on the charges was set for September 5, 2019, but was not conducted until September 10, 2019. [Id.]. Defendant Brown, who conducted the hearing, denied Plaintiff's requests to call witnesses and present documentary evidence, explaining that plaintiff had failed to preserve those rights when presented with the charges. [Id.]. Plaintiff explained that this was not the case, but his claim went unanswered. [Id.]. Ultimately, Brown found Plaintiff guilty of both disciplinary charges and assessed him a $5.00 fine on each charge. [Id.].

4. Plaintiff filed a Level I appeal to defendant Cabell, arguing, amongst other points, that the investigation had not been completed on time, that he had not been properly served with the charges, that he had not been advised of the postponement of his hearing date, that he had been

---

[2] The undisputed facts are drawn from the complaint and Pelletier's response to the motion to dismiss, Dkt. No. 12.

denied witnesses and the ability to present evidence, and that the evidence did not support his convictions. [Dkt. No. 1 at 5-6]. Cabell upheld the charges without further investigation. [Dkt. Nos. 1 at 6; 12 at 16-19]. Defendant Elam upheld Plaintiffs' Level II appeal, raising many of the same issues. [Dkt. Nos. 1 at 6-7; 12 at 25-28].

## II. Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint; it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if "the factual content of a complaint allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Nemer Chevrolet, Ltd. v. Consumeraffairs.com Inc., 591 F.3d 250, 256 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 678). A plaintiff must therefore allege facts in support of each element of each claim he or she raises; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Iqbal, 566 U.S. at 678.

## III. Analysis

Plaintiff asserts that defendant Brown deprived him of his right to due process "by not allowing his Witness and Documentary Evidence request, by contradicting witness testimony, and by failing to make fair decission [sic]" [Dkt. No. 1 at 7]; that defendant Cabell violated his rights by "refusing to address and investigate the issues raised by plaintiff on the Level 1 appeal"

3

[Id.]; and that defendant Elam violated his rights by "refusing to review and correct the failures of Cabel [sic] on the Level 2 appeal." [Id.]. Plaintiff's claims have no merit.

The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. AMEND. XIV, § 1. Pelletier's allegations, even if true, do not state a claim upon which relief can be granted because he has failed to identify a protected liberty interest that would trigger the application of the due process procedures set forth in Wolff v. McDonnell, 418 U.S. 539, 556-57 (1974).

"To state a procedural due process violation, a plaintiff must (1) identify a protected liberty or property interest and (2) demonstrate deprivation of that interest without due process of law." Prieto v. Clarke, 780 F.3d 245, 248 (4th Cir. 2015). Prisoners possess a liberty interest only in (1) state-created entitlements to early release from incarceration, see Bd. of Pardons v. Allen, 482 U.S. 369, 381 (1987), and (2) being free from conditions that "impose[] atypical and significant hardship ... in relation to the ordinary incidents of prison life." See Sandin v. Conner, 515 U.S. 472, 484 (1995). Where a plaintiff fails to identify a protectable liberty or property interest that the defendant's actions placed in jeopardy, he fails to establish that he is owed any level of procedural protection. See Wilkinson v. Austin, 545 U.S. 209, 221 (2005) ("We need reach the question of what process is due only if the inmates establish a constitutionally protected liberty [or property] interest").

A due process claim, such as Pelletier's, presents two related but distinct inquiries: whether the loss at issue implicates a liberty interest triggering procedural due process requirements; and, if so, whether the procedures afforded Plaintiff satisfied those requirements. See Dilworth v. Adams, 841 F.3d 246, 250-51 (4th Cir. 2016); see also Prieto, 780 F.3d at 259

4

("Once a liberty interest is established, the question then becomes what process is due to protect it."). "Where a plaintiff fails to identify a protectable liberty or property interest that is placed in jeopardy by a defendant's actions, he fails to establish that he is owed any level of procedural protection." Williams v. Nesterick, No. 1:19cv1605, 2021 U.S. Dist. LEXIS 22709, *5 (E.D. Va. Feb. 5, 2021) (citing Wilkinson, 545 U.S. at 221). Pelletier's claims are premised upon his mistaken belief "that any state action taken for a punitive reason encroaches upon a liberty interest under the Due Process Clause." Sandin, 515 U.S. at 484. However, "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights," and temporarily losing privileges as "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." Id. at 486.

Whether viewed as a deprivation of liberty or property,[3] the two $5.00 fines imposed on plaintiff did not trigger the need for procedural due process protections. Indeed, "small monetary penalties and penalties that do not impose restraint do not impose atypical and significant hardship on a prisoner in relation to the ordinary incidents of prison life and" thus do not constitute infringements on a prisoner's liberty interests. Roscoe v. Mullins, No. 7:18cv132,

---

[3] Although the Fourth Circuit has not yet spoken directly on this issue, some courts have questioned whether Sandin's analysis—requiring that the particular hardship be "atypical and significant" to create a constitutionally protected interest—applies in the context of property deprivations, given that Sandin addressed whether a particular deprivation implicated a *liberty* interest. See Anderson v. Dillman, 824 S.E.2d 481, 483–84 (Va. 2019) (noting the disagreement among federal courts on this issue and discussing the different rationales underlying the decisions). In particular, the Anderson court noted that cases from the Sixth and Tenth Circuits have applied Sandin in the context of property rights, while the Third and Fifth Circuits have stated Sandin does not control in a case involving a property interest. Anderson, 824 S.E.2d at 483 & n.4 (collecting authority); see also Steffey v. Orman, 461 F.3d 1218, 1222 n.3 (10th Cir. 2006) (identifying the Second and Fifth Circuits as holding that Sandin applies only to liberty interests and the Sixth and Ninth Circuits as suggesting, but not holding, the same). The Fourth Circuit indicated, albeit in an unpublished decision, that Sandin is applicable in this context when it applied Sandin to conclude that a prisoner "did not have a constitutionally protected liberty or property interest in his prison job." Backus v. Ward, Backus v. Ward, 151 F.3d 1028, [published in full-text format at 1998 U.S. App. LEXIS 11826, *2] (4th Cir. 1998) (unpublished). As is explained in more depth below, plaintiff's claim fails regardless of the applicability of Sandin; whether viewed as a deprivation of liberty under Sandin or as a deprivation of property, plaintiff has failed to allege that his rights were violated.

2020 U.S. Dist. LEXIS 144774, at *4-5 (W.D. Va. Sept. 10, 2019) (granting summary judgment in defendants' favor as to the due process claim where the only penalty imposed was a $15 penalty), aff'd, 828 F. App'x 921 (4th Cir. 2020); see also Graham v. Stallard, No. 7:17cv35, 2020 U.S. Dist. LEXIS 177366, at *54 (W.D. Va. Sept. 28, 2020) ("[T]he fine imposed on Graham for these two disciplinary convictions did not place any atypical and significant hardship on him ... [and thus] did not trigger due process protections."), appeal dismissed, 2021 U.S. App. LEXIS 12893 (4th Cir. Apr. 29, 2021). Like the plaintiffs in the cases just cited, Pelletier was subjected to only small monetary fines, totaling $10—a penalty that is insufficient to give rise to a protected liberty interest in the context of prison life under the rationale of Sandin.[4]

Viewed in the context of a deprivation of property, Plaintiff's claim still fails because Virginia's provision of adequate post-deprivation remedies forecloses such a claim. See Wilson v. Molby, No. 1:12cv42, 2012 U.S. Dist. LEXIS 72061, at *18-20 (E.D. Va. May 23, 2012); Henderson v. Virginia, No. 7:07cv266, 2008 U.S. Dist. LEXIS 5230, at *34 n.7 (W.D. Va. Jan.

---

[4] In his opposition to the motion to dismiss plaintiff asserts that he suffered more than two $5.00 fines, and claims that his disciplinary convictions also resulted in a higher security classification that led to his transfer to a stricter facility and a concomitant ban on the possession of some of his property. See Dkt. No. 12. Plaintiff also claims that he has been unable to be visited at his new facility. Id. As an initial matter, the Court need not consider these allegations because they have been improperly raised in opposition to a motion as opposed to in an amended complaint. A claim raised in opposition to a motion for summary judgment is not properly before the Court. See Klein v. Boeing Co., 847 F. Supp. 838, 844 (W.D. Wash. 1994). Pelletier cannot amend his complaint by raising new matters in a response to a motion. See Hurst v. District of Columbia, 681 F. App'x. 186, 194 (4th Cir. 2017) ("a plaintiff may not amend her complaint via briefing") (citing Commonwealth of Pennsylvania v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988)); see, e.g., Marks v. Dann, 600 F. App'x 81, 89 (4th Cir. 2015) ("The district court properly deemed [new facts and allegations raised in an opposition] outside the complaint and refused to consider them as part of its Rule 12(b)(6) analysis."). Second, even if the Court were able to consider these allegations, they would not salvage Plaintiff's claims because changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir.1991). Further, prisoners generally do not have a constitutionally recognized liberty interest in a particular security classification nor a constitutional right to be confined in a particular prison. Hewitt v. Helms, 459 U.S. 460, 468 (1983); Meachum v. Fano, 427 U.S. 215, 224 (1976). Finally, "[t]he Fourth Circuit has recognized that 'there is no absolute right to prison visitation,' nor is there a 'constitutional right to prison visitation, either for prisoners or visitors ....'" Alkebulanyahh v. Ozmint, 2009 U.S. Dist. LEXIS 59779, *9-10 (D.S.C. July 13, 2009) (quoting White v. Keller, 438 F. Supp. 110, 114-15 (D. Md. 1977), aff'd, 588 F.2d 913 (4th Cir. 1978)), aff'd, 358 F. App'x 431 (4th Cir. 2009). For these reasons, even if plaintiff were to amend his complaint to include the allegations listed at the beginning of this footnote, his complaint would still fail to state a claim.

6

23, 2008). Accordingly, in this case, the procedural protections available to Plaintiff were "[]sufficient to ensure that [the] deprivations [he faced were] lawful," see DePaola v. Clarke, No. 7:17cv28, 2019 U.S. Dist. LEXIS 49947, at *17 (E.D. Va. Mar. 26, 2019), and it is thus clear that Plaintiff has failed to allege that he was denied a cognizable liberty or property interest in the context of his disciplinary proceedings.

It is equally clear that Plaintiff's claims against Cabell and Elam are deficient. Because plaintiff has failed to allege a due process violation against Brown, to the extent Plaintiff sought to hold defendants Cabell and Elam liable under a theory of supervisory liability for Brown's actions, such a claim would fail. See Evans v. Chalmers, 703 F.3d 636, 654 (4th Cir. 2012) (noting that a claim under § 1983 for supervisory liability may not succeed without a predicate constitutional violation). In any event, inmates do "not enjoy a procedural due process right" to an administrative appeal. See Coor v. Stansberry, No. 3:08cv61, 2008 U.S. Dist. LEXIS 119876, at *4 (E.D. Va. Dec. 31, 2008), aff'd, 335 F. App'x 354 (4th Cir. 2009).[5] Accordingly, to the extent plaintiff raises such a claim at all, he has failed to establish that defendants are liable to him on the simple basis that they denied his institutional grievances and appeals. See, e.g., DePaola v. Ray, No. 7:12cv139, 2013 U.S. Dist. LEXIS 117182, at *23 (W.D. Va. July 22, 2013) (observing that "a superior's after-the-fact denial of a grievance [or response to a letter] falls far short of establishing § 1983 liability") (citing Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006)); see George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) (simply "[r]uling against a prisoner does not cause or contribute to the [constitutional] violation.").

---

[5] See, e.g., Moses v. Blocher, No. 5:07-CT-3070-D, 2009 U.S. Dist. LEXIS 126016, *12-13 (E.D. NC Jan. 16, 2009) ("Wolff, however, does not mandate that prison officials provide inmates with an appeal of a disciplinary decision. Because plaintiff does not have a constitutional right to appeal his disciplinary conviction, he has failed to state a claim upon which relief may be granted.") (citations omitted), aff'd, 326 F. App'x 227 (4th Cir. 2009).

7

## IV. Conclusion and Order

For the reasons stated above, defendants' motion to dismiss [Dkt. No. 9] is GRANTED such that the claims against defendants Brown, Cabell, and Elam be and are DISMISSED WITH PREJUDICE for failure to state a claim; and it is further

ORDERED that plaintiff's "motion to respond" [Dkt. No. 12] be and is GRANTED *nunc pro tunc* such that it is deemed timely filed and properly considered in opposition to the motion to dismiss; and it is further

ORDERED that plaintiff's motions for discovery [Dkt. Nos. 13, 15] and motion for appointment of counsel [Dkt. No. 14] as well as defendants' motion to stay discovery [Dkt. No. 16] be and are DENIED as moot.

To appeal this decision, plaintiff must file a written Notice of Appeal ("NOA") with the Clerk's Office within thirty (30) days of the date of this Order, including in the NOA the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the appellate court. Failure to file a timely NOA waives the right to appeal this Order.

The Clerk is directed, pursuant to Rule 58 of the Federal Rules of Civil Procedure, to enter final judgment against plaintiff and in favor of defendants Brown, Cabell, and Elam. The Clerk is further directed to send copies of this Memorandum Opinion & Order to plaintiff and counsel of record for defendants.

Entered this 17th day of June 2021.
Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge